NOT DESIGNATED FOR PUBLICATION

# STATE OF LOUISIANA
# COURT OF APPEAL
# FIRST CIRCUIT

## DOCKET NUMBERS
## 2022 CA 1298 AND 2021 CW 0446

## FLORIDA GAS TRANSMISSION COMPANY, LLC

## VERSUS

## TEXAS BRINE COMPANY, LLC, ET AL.

Judgment Rendered: **JUL 1 0 2023**

\* \* \* \* \*

ON APPEAL FROM THE
23RD JUDICIAL DISTRICT COURT, DIVISION B
ASSUMPTION PARISH, LOUISIANA
DOCKET NUMBER 34,316

HONORABLE THOMAS J. KLIEBERT, JR., PRESIDING AD HOC JUDGE

\* \* \* \* \*

Leopold Z. Sher
James M. Garner
Peter L. Hilbert, Jr.
Martha Curtis
Jeffrey D. Kessler
Amanda R. Schenck
Darnell Bludworth
New Orleans, Louisiana
and
Travis J. Turner
Gonzales, Louisiana
and
Robert Ryland Percy, III
Gonzales, Louisiana
and
Royce I. Duplessis
New Orleans, Louisiana

Attorneys for Appellant/Respondent
Texas Brine Company, LLC

Martin A. Stern
Leigh Ann Schell
Raymond P. Ward
New Orleans, Louisiana
and
Kathy Patrick *(pro hac vice)*
Sam W. Cruse *(pro hac vice)*
Laura Kissel Cassidy (*pro hac vice*)
Caitlin Halpern *(pro hac vice)*
Houston, Texas

Attorneys for Appellee/Relator
Occidental Chemical Corporation

BEFORE: WELCH, HESTER, and GREENE, JJ.

WELCH, J., concurs.
by J

**GREENE, J.**

In this appeal, Texas Brine Company, LLC challenges a trial court judgment dismissing its petition to annul two previous judgments of this Court. In a related writ application referred to this panel for decision, and in an answer to the appeal, Occidental Chemical Corporation (Oxy) challenges the same trial court judgment insofar as the trial court refused to dismiss Texas Brine's petition to annul a third judgment of this Court. After review, we affirm the judgment in part, reverse the judgment in part, vacate the judgment in part, grant the writ, render judgment dismissing Texas Brine's petition as to the third judgment, and render judgment in Oxy's favor for attorney fees.

## PERTINENT FACTUAL AND PROCEDURAL HISTORY

In February 2020, Texas Brine Company, LLC filed a petition to annul several of this Court's judgments for an "ill practice," alleging this Court failed to randomly allot, or re-allot, those appeals in accordance with La. R.S. 13:319, as amended, effective August 1, 2018.[1] (R4.832) The three judgments Texas Brine challenges here were rendered by this Court in *Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC,* 18-0068 (La. App. 1 Cir. 7/11/19), 2019 WL 3025236 (unpublished), *writ denied,* 19-01124 (La. 7/17/19), 277 So.3d 1180; *Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC,* 18-0075 c/w 0241 c/w 0796 (La. App. 1 Cir. 7/1/19), 285 So.3d 1093, *writ denied,* 19-01124 (La. 7/17/19), 277 So.3d 1180; and, *Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC,* 18-1098 (La. App. 1 Cir. 7/11/19), 281 So.3d 9, *writ denied,* 19-01455 (La. 11/12/19), 282 So.3d 227. Herein, we reference these judgments as *Florida Gas 0068, Florida Gas 0075,* and *Florida Gas 1098,* respectively.

Oxy responded to Texas Brine's nullity action by filing exceptions of no cause of action and peremption and, alternatively, a motion for summary judgment. In a March

---

[1] In its petition, Texas Brine also sought annulment of this Court's judgments in 2018 CA 0062 and 2018 CA 0218. This Court has recently affirmed judgments dismissing Texas Brine's nullity petition as to those judgments. *See Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC,* 22-1234 (La. App. 1 Cir. 6/2/23), ___ So.3d ___, 2023 WL 3862048 (*affirming Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC,* 18-0062 (La. App. 1 Cir. 1/11/19), 2019 WL 168583 (unpublished), *writ denied,* 21-00794 (La. 6/29/21), 319 So.3d 299) and *Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC,* 22-1296 (La. App. 1 Cir. 6/2/23), 2023 WL 3860532 (unpublished) (affirming *Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC,* 18-0218 (La. App. 1 Cir. 1/11/19), 272 So.3d 547, *writs denied,* 21-0793 (La. 6/29/21), 319 So.3d 301, 19-00510 (La. 9/24/19), 279 So.3d 385.

2

25, 2021 judgment, the trial court granted Oxy's motion for summary judgment, in part, and its exception of no cause of action, in part, and dismissed Texas Brine's nullity petition as to *Florida Gas 0068* and *Florida Gas 0075*, with prejudice. The trial court denied Oxy's motion and exception as to *Florida Gas 1098*. The trial court also denied Oxy's exception of peremption and its request for attorney fees and costs.

In this appeal, Texas Brine challenges the March 25, 2021 judgment insofar as it dismissed the nullity petition as to *Florida Gas 0068* and *Florida Gas 0075*. In its writ application to this Court, docket number 2021 CW 0446,[2] Oxy challenges the judgment insofar as the trial court refused to also dismiss Texas Brine's nullity petition as to *Florida Gas 1098*. Oxy also filed an answer to Texas Brine's appeal, seeking modification of the judgment's ruling in *Florida Gas 1098*, on peremption, and requesting an award of reasonable attorney fees and costs it incurred in the trial court and in this Court.

## DISCUSSION

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The burden of proof rests on the party moving for summary judgment. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion, the mover's burden does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1). In determining whether summary judgment is appropriate, an appellate court reviews evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Porche v. Naquin*, 22-0064 (La. App. 1 Cir. 9/26/22), 353 So.3d 796, 800, *writ denied*, 22-01603 (La. 2/24/23), 356 So.3d 340.

---

[2] *Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC*, 21-0446 (La. App. 1 Cir. 12/19/22) (unpublished writ action referring writ to merits panel).

3

Under La. C.C.P. art. 2004(A), any final judgment obtained by fraud or ill practices may be annulled. A party seeking to annul a judgment based on fraud or ill practices must show: (1) the circumstances under which the judgment was rendered showed the deprivation of legal rights of the party seeking relief, and (2) the enforcement of the judgment would have been unconscionable and inequitable. *Belle Passe Terminal, Inc. v. Jolin, Inc.*, 01-0149 (La. 10/16/01), 800 So.2d 762, 766. The party seeking to annul a judgment must prove both of the above criteria to succeed in his nullity action. *Id.* at 768; *see Riddle v. Premier Plaza of Monroe, L.L.C.*, 51,173 (La. App. 2 Cir. 2/15/17), 216 So.3d 170, 173.

In support of its motion for summary judgment, Oxy asserted, among other arguments, that Texas Brine could not carry its burden of proving that enforcement of any of the subject judgments would have been unconscionable and inequitable, because even if allotted differently, there is no proof that the judgments would have been decided differently. (R6.1253)

Upon our *de novo* review, we conclude summary judgment is proper as to all three of the subject judgments, and Texas Brine's nullity petition should be dismissed as to them all. As found by this Court in *Pontchartrain Natural Gas System v. Texas Brine Company, LLC*, 22-0990 (La. App. 1 Cir. 3/16/23), ___ So.3d ___, 2023 WL 2531173, *4 *(Pontchartrain 0990)*,[3] when reviewing a substantially similar nullity petition, Texas Brine's nullity petition herein merely contains conclusory allegations regarding how this Court's allotment of appeals constitutes an "ill practice."[4] (R4.832) Texas Brine's allegations focus on establishing this Court's failure to comply with the amendment to La. R.S. 13:319 and when Texas Brine discovered the alleged "ill practice." (R4.832, 837)

---

[3] *Pontchartrain 0990* specifically dealt with this Court's judgment rendered under docket number 2018 CA 0241. However, as previously noted, docket number 2018 CA 0241 was one of three consolidated appeals decided in *Florida Gas 0075* – the other two docket numbers were 2018 CA 0075 and 2018 CA 0796. The issues and judgments reviewed by this Court in 2018 CA 0241, 2018 CA 0075, and 2018 CA 0796 were substantively the same. Thus, the *Pontchartrain 0990* Court's reasoning as to 2018 CA 0241 equally applies to this appeal of 2018 CA 0075.

[4] *See also Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC*, 22-1296 (La. App. 1 Cir. 6/2/23), 2023 WL 3860532, *2 (unpublished) and *Pontchartrain Natural Gas System. v. Texas Brine Company, LLC.*, 22-1031 (La. App. 1 Cir. 5/9/23), ___ So.3d ___, 2023 WL 3313619, *1 (both cases finding Texas Brine's allegations conclusory).

4

Although Texas Brine contends this Court's failure deprived it of its right to random allotment, Texas Brine does not allege prejudice, nor does it set forth facts showing prejudice, or that the outcome of *Florida Gas 0068, Florida Gas 0075*, or *Florida Gas 1098* would have been different had this Court done what Texas Brine believes was proper. *See Pontchartrain 0990*, 2023 WL 2531173 at *4.

Further, we note that the three subject judgments are all based on a previous judgment rendered under this Court's docket number 2017 CA 0304, wherein this Court held that an amended operating agreement between Texas Brine and Oxy required that an arbitration panel determine the arbitrability of the parties' disputes. *See Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC*, 17-0304 (La. App. 1 Cir. 12/6/18), 267 So.3d 633, 637, *writ denied*, 19-0333 (La. 6/26/19), 275 So.3d 876 (*"Florida Gas 0304"*). Thus, based on *Florida Gas 0304*, this Court found that, because Texas Brine and Oxy delegated exclusive authority to an arbitration panel to decide the arbitrability of claims between them, the trial court erred: in finding the salt lease was terminated by confusion (as held in *Florida Gas 0075*); in ordering the arbitration panel to abide by its confusion ruling (as held in *Florida Gas 0068*); and, in vacating the arbitration panel's ruling that the salt lease had not terminated by confusion (as held in *Florida Gas 1098*). *See Florida Gas 0075*, 285 So.3d at 1101; *Florida Gas 0068*, 2019 WL 3025236 at *1; *Florida Gas 1098*, 281 So.3d at 14. As any panel of this Court would have been constrained to follow *Florida Gas 0304* in deciding *Florida Gas 0075, Florida Gas 0068*, and *Florida Gas 1098*, Texas Brine has failed to demonstrate how it was deprived of the fundamental opportunity to fairly present its case to this Court in the appeal of any of the subject judgments or how this Court's allotment system caused or was in any way related to any adverse judgment. *See Pontchartrain 0990*, 2023 WL 2531173, at *4.

Further, Texas Brine fully litigated *Florida Gas 0068, Florida Gas 0075*, and *Florida Gas 1098* up and until the Louisiana Supreme Court denied writs in all three cases. *See Pontchartrain 0990*, 2023 WL 2531173 at *4. Thus, Texas Brine's allegations do not to demonstrate that the enforcement of any of these judgments would be unconscionable or inequitable, and without this proof, Texas Brine cannot succeed on its nullity action. *See Belle Pass Terminal, Inc.*, 800 So.2d at 768; *Riddle*, 216 So.3d at 173.

5

Accordingly, we conclude the trial court properly granted Oxy's motion for summary judgment as to *Florida Gas 0068* and *Florida Gas 0075* and erred in failing to also grant the motion as to *Florida Gas 1098*. We therefore will affirm the March 25, 2021 judgment insofar as it dismissed Texas Brine's nullity petition as to *Florida Gas 0068* and *Florida Gas 0075*. We will also grant Oxy's writ and render summary judgment in Oxy's favor, dismissing Texas Brine's nullity petition as to *Florida Gas 1098*. We decline to reach the merits of Oxy's exceptions of no cause of action and peremption, finding the exceptions moot. *See Terry v. Schroder*, 21-1311 (La. App. 1 Cir. 6/3/22), 342 So.3d 1003, 1006.

## ANSWER TO THE APPEAL

In its answer to the appeal, Oxy contends the trial court erred in denying its request for attorney fees and costs that it incurred in the trial court under La. C.C.P. art. 2004(C). Oxy also seeks an award of attorney fees and costs incurred in this Court under La. C.C.P. art. 2004(C) or as damages for frivolous appeal under La. C.C.P. art. 2164.

Under La. C.C.P. art. 2004(C), the court may award reasonable attorney fees incurred by a prevailing party in an action to annul a judgment obtained by ill practices. A trial court has much discretion in determining whether to award the prevailing party such attorney fees, and we will not disturb that ruling absent an abuse of discretion. *Stevens v. St. Tammany Parish Government*, 21-0686 (La. App. 1 Cir. 2/25/22), 2022 WL 575377, *4 (unpublished), *writ denied*, 22-00661 (La. 6/22/22), 339 So.3d 642. Here, we find no abuse of discretion by the trial court, since Oxy only partially prevailed below in defending Texas Brine's nullity petition. However, we find that Oxy presents a compelling argument for an award of reasonable attorney fees for successfully defending and fully prevailing in this appeal and in its related writ application, which are generally duplicative of multiple other similar nullity action appeals decided by this Court. Accordingly, we award Oxy $10,000 in attorney fees for defending this appeal of two judgments and for prevailing on its writ application as to a third judgment. *See Florida Gas Transmission Company, LLC*, 22-1234 (La. App. 1 Cir. 6/2/23), ___ So.3d ___, 2023 WL 3862048, *4-5 and *Pontchartrain 0990*, 2023 WL 2531173 at * 4-5 (both cases

6

awarding Oxy $5,000 for defending an appeal of a judgment affirming a single appellate judgment).

## CONCLUSION

For reasons expressed herein, we rule as follows:

We affirm the March 25, 2021 judgment insofar as it granted Occidental Chemical Corporation's motion for summary judgment and dismissed Texas Brine's nullity petition as to this Court's judgments in *Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC,* 18-0068 (La. App. 1 Cir. 7/11/19), 2019 WL 3025236 (unpublished), *writ denied,* 19-01124 (La. 7/17/19), 277 So.3d 1180; and *Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC,* 18-0075 c/w 0241 c/w 0796 (La. App. 1 Cir. 7/1/19), 285 So.3d 1093, *writ denied,* 19-01124 (La. 7/17/19), 277 So.3d 1180.

We reverse the March 25, 2021 judgment insofar as it denied Occidental Chemical Corporation's motion for summary judgment seeking dismissal of Texas Brine's nullity petition as to this Court's judgment in *Florida Gas Transmission Company v. Texas Brine Company, LLC,* 18-1098 (La. App. 1 Cir. 7/11/19), 281 So.3d 9, *writ denied,* 19-01455 (La. 11/12/19), 282 So.3d 227. We grant Occidental Chemical Corporation's writ application in 2021 CW 0446 and render judgment dismissing Texas Brine's nullity petition as to this Court's judgment in *Florida Gas Transmission Company v. Texas Brine Company, LLC,* 18-1098 (La. App. 1 Cir. 7/11/19), 281 So.3d 9, *writ denied,* 19-01455 (La. 11/12/19), 282 So.3d 227.

We vacate the March 25, 2021 judgment insofar as it granted Occidental Chemical Corporation's peremptory exception pleading the objection of no cause of action in part, finding this exception to be moot.

We award Occidental Chemical Corporation $10,000 in attorney fees for successfully defending this appeal and for prevailing on the related writ.

All costs of the appeal are assessed to Texas Brine Company, LLC.

**WRIT GRANTED; JUDGMENT AFFIRMED IN PART; JUDGMENT REVERSED IN PART; JUDGMENT VACATED IN PART; AWARD OF ATTORNEY FEES RENDERED.**